In the Matter of the Application for the Discipline of Seth Robert PHILLIPS, an Attorney at Law of the State of Minnesota.

No. 49629.

Supreme Court of Minnesota.

Oct. 1, 1979.

Michael Hoover, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Collins & Buckley and Mark Gehan, Jr., St. Paul, for respondent.

### ORDER FOR PROBATION

This matter comes before the Court for disposition of the above entitled disciplinary proceedings based on an amended stipulation which the Court now accepts. The prior stipulation was rejected by the Court on July 25, 1979.

IT IS ORDERED that respondent Seth Robert Phillips be placed on probation with respect to his practice of law in the State of Minnesota for a period of five years, subject to the following terms and conditions:

1. Respondent shall continue to maintain total abstinence from alcohol and other mood-altering chemicals during the period of probation.

2. There shall be appointed at least one supervisor, affiliated with Lawyers Concerned for Lawyers, who shall make periodic reports to the Administrative Director concerning Respondent's compliance with all terms and conditions of the probation, as ordered by the Court. Respondent agrees to cooperate with said supervisor and to provide him with any and all information necessary to enable the supervisor to perform his duties herein.

3. During the period of probation, Respondent shall not handle any trust funds or other funds or property belonging to any client. Mr. Keith Pe-

terson, Respondent's current law partner, or another person acceptable to Petitioner, shall assume all responsibility for the handling of trust funds or other funds or property belonging to any of Respondent's clients.

4. Mr. Phillips shall promptly pay $100 to Mrs. Judith Toner, an amount which he has previously tendered but which she has never received.

5. Mr. Phillips' accounting of the funds of Mrs. Helen Fox shall be examined at Mr. Phillips' expense by an auditor chosen by the Administrative Director, and Mr. Phillips shall promptly pay to her any amount found owing by the auditor. Mr. Phillips shall promptly pay any additional amount found owing by a court of competent jurisdiction. The acceptance of the auditor is premised upon the auditor's determination being subject to review and confirmation either by the Board of Professional Responsibility and/or a court of competent jurisdiction. Mr. Phillips shall have the right to be heard by the auditor and the body who reviews and confirms the auditor's report.

6. If he has not already done so, Mr. Phillips shall promptly pay $3,132.76, the amount found owing by the District Court of the Tenth Judicial District, to Mr. Billy Joe House.

7. Respondent shall pay to Mr. Gary Schleper any sums of money which he might be ordered to pay by a court of competent jurisdiction, as a result of any litigation which might be commenced by Mr. Schleper against Respondent, or which he might agree to pay in any settlement agreement between Respondent and Mr. Schleper.

8. The signing of the Stipulation by Respondent is not a representation of his present ability to pay.